IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JERMAINE WHITE,

                Petitioner,                OPINION AND ORDER

     v.                                        09-cv-0535-vis

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

                Respondent.

---

     Jermaine White, an inmate at the Green Bay Correctional Institution, has applied for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In January 2005, petitioner was convicted in the Circuit Court for Rock County of attempted first degree homicide by use of a dangerous weapon. In his habeas petition, he argues that his custody resulting from that conviction is unconstitutional because he was denied his Sixth Amendment right to the effective assistance of counsel at trial. He alleges that his lawyer provided ineffective assistance by 1) failing to object at sentencing when the prosecutor made comments that cast doubt upon the wisdom of the agreed-upon sentence, thereby breaching the plea agreement; 2) failing to move to dismiss count 1 before negotiating the plea agreement; 3) failing to object to the court's reliance at sentencing on dismissed count 1 as a basis for the sentence; and 4) entering a not guilty plea on petitioner's behalf at the arraignment rather than having petitioner do so personally.

In an order entered September 8, 2009, the magistrate judge directed the state to respond only to the first two grounds for petitioner's claim of ineffective assistance, finding that the two remaining grounds lacked merit and establishing a briefing schedule for the parties to follow upon the filing of the answer. Sept. 8, 2009 Order, dkt. #2.

On October 7, 2009, the state filed its answer, stating its position that petitioner was not entitled to habeas relief because the Wisconsin Court of Appeals had reasonably applied the rule of Strickland v. Washington, 466 U.S. 668 (1984), when it rejected petitioner's claims and affirmed his conviction. Under the magistrate judge's order, petitioner was to file a brief in support of his petition by November 6, 2009. When he failed to do so, the magistrate judge entered an order on his own initiative, allowing petitioner until December 7, 2009, in which to file his brief. It is now December 21, 2009 and this court still has not received a brief from petitioner. Accordingly, I will consider the petition under advisement.

The following facts are drawn from the state court record attached to the state's answer.

## FACTS

On or about August 5, 2003, petitioner was charged in the Circuit Court for Rock County with two counts of attempted first degree intentional homicide and one count of obstructing an officer. While the case was pending, the victim in the first of the attempted homicide counts died from causes unrelated to the crime. On November 22, 2004,

petitioner entered into a plea agreement in which he agreed to plead guilty to the attempted homicide charge involving the other victim in exchange for the dismissal of the remaining charges. The prosecutor agreed to recommend a sentence of two years' confinement followed by 18 years' extended supervision.

Sentencing took place on January 21, 2005. In asking the court to adopt the parties' recommended sentence, the prosecutor noted that the state had dismissed the first homicide count because of uncertainty whether it could meet its burden of proof without the victim's testimony. With regard to the second count, he explained that although the state thought it had a strong case, conviction was uncertain in light of a string of recent jury acquittals in Rock County in similar cases. Accordingly, he explained, rather than risk acquittal, the state had opted to enter a "compromise plea" that was "admittedly light on punishment up front" but carried a significant risk of reincarceration later if defendant should violate the terms of his supervision. Under the circumstances, explained the prosecutor, he believed that the recommended sentence was appropriate.

The court disagreed with the parties' recommended sentence and imposed a combined sentence of 32 years, with the first 15 to be served in prison. After sentencing, petitioner filed a *pro se* post conviction motion, in which he contended that the prosecutor had effectively breached the plea agreement when he explained to the court that the state was recommending an "admittedly light" sentence on a "compromise plea" and that petitioner's lawyer had been ineffective for failing to object to the breach. He argued that his lawyer was

ineffective for failing to file a motion to dismiss the first attempted homicide count when the victim died. After a hearing at which petitioner's lawyer testified, the court denied petitioner's motion.

Petitioner appealed to the Wisconsin Court of Appeals. The court rejected petitioner's claim that his lawyer was ineffective for failing to object to the breach of the plea agreement because it found that no breach had occurred. The court found that the prosecutor's explanation why the state would have had difficulty proceeding to trial as a result of the unrelated death of one of the two victims "supported the appropriateness of the plea agreement, rather than undermining it." State v. White, 2006AP2584-CR (April 9, 2008), attached to Answer, dkt. #6, exh.5, at 2. The court was not persuaded that counsel had erred in failing to dismiss the count on which the victim had died. It wrote:

> [C]ounsel explained that he did not move to dismiss the count on which the victim had died because he believed that the State had evidence beyond the victim's testimony. Counsel said he would have moved for dismissal at trial if the State's other evidence proved insufficient. This was an objectively reasonable position which did not constitute deficient performance. Furthermore, there is no reason to believe that a motion to dismiss prior to trial would have been successful, or that the parties' negotiated sentence recommendation on the remaining count would have been any different if the count without a victim to testify had been dismissed outright on a defense motion as opposed to being dismissed and read in as part of the plea agreement.

Id.

The Wisconsin Supreme Court denied petitioner's request for review on August 19, 2008.

OPINION

When adjudicating a petition for a writ of habeas corpus brought by a state prisoner, federal courts must accord special deference to the conclusion reached by the state courts on the merits of the petitioner's claims. Specifically, a federal court may not grant a state prisoner's application for a writ of habeas corpus unless the relevant state court's adjudication of his claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In this case, the relevant state court decision is the Wisconsin Court of Appeals' decision affirming petitioner's conviction.

Petitioner's ineffective assistance of counsel claims are controlled by the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 690 (1984). First, petitioner must show that his trial lawyer's performance fell below an objective standard of reasonableness. This is a difficult showing to make because the court reviews counsel's performance deferentially, presuming that counsel exercised reasonable judgment and declining to second-guess counsel's strategic decisions. Id. at 689. Second, petitioner must show that he was prejudiced by counsel's errors. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 649. See also Gross v. Knight, 560 F.3d 668, 672 (7th Cir. 2009) ("reasonable probability" is a "better than negligible" chance).

Even assuming petitioner could make that showing, he still would not be entitled to federal relief unless he could show that the state courts applied Strickland to the facts of his case in an objectively unreasonable manner. Bell v. Cone, 535 U.S. 685, 698-99 (2002); 28 U.S.C. § 2254(d). Showing that a state court applied Strickland unreasonably is extraordinarily difficult. Holman v. Gilmore, 126 F.3d 876, 882 (7th Cir. 1997). Strickland sets forth a general standard, meaning that a state court has a great deal of latitude to reasonably determine that a defendant has not satisfied that standard. Yarborough v. Alvarado, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

Under this "doubly deferential" judicial review, Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009), petitioner's claims cannot succeed. The Wisconsin Court of Appeals did not apply Strickland unreasonably or determine the facts in an unreasonable manner when it rejected petitioner's claims. I agree that the prosecutor's remarks were a legitimate explanation of the parties' joint recommendation for a light sentence on such serious charges and cannot be read as a breach of the plea agreement. Counsel offered reasonable, strategic reasons for his decision not to seek dismissal of the attempted homicide count. In any event,

petitioner failed to show a reasonable probability that the outcome of the proceedings would have been different had his lawyer taken this step. Finally, I agree with the magistrate judge that petitioner's last two claims have no merit. Petitioner has not offered any arguments in support of his claims or attempted to show that the state appellate court applied federal law unreasonably when it affirmed his conviction. Accordingly, the petition must be denied.

ORDER

IT IS ORDERED that the petition of Jermaine White for a writ of habeas corpus is DENIED. Petitioner is not entitled to a certificate of appealability under 28 U.S.C. § 2253(b)(2) because he has failed to make a substantial showing of the denial of a constitutional right.

Entered this 30th day of December, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge